UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

JILLBERT SADIGH,

               Plaintiff,

          v.

DR. A. QUYYUM; SHARMEEN
SULTANA; SYED HASSAN; ELMHURST
HOSPITAL CENTER; ASMAA IBRAHIM
HASSAN; CARL GOODRICH; DANIEL
KESTELMAN; DEEP LOHIA;
GAYATHRI MAHENDIRAN; HEIN
LATT; JAMUNA THEVENTHIRAN;
TYRONE RODMAN; VASCHELE
WILLIAMS; VIMALA SIM; JAMAICA
HOSPITAL MEDICAL CENTER;
SHAMAILA IDREES; SHI YUN LI;
MARTHA EDLEMAN; 103RD
PRECINCT; NYPD OFFICER ANDREW
BUTLER #2369; NYPD OFFICER
NICHOLAS DELLAVECCHIA #1569;
QUEENS HOSPITAL CENTER; RENUKA
ANANTHAMOORTHY; FDNY ALEXIR
RAMOS JR #3981; ZUCKER HILLSIDE
HOSPITAL; ANNAFI CHOWDHURY;
JOHN P. MALOY; KENDRA D. BRIGGS,
*Justice Supreme Court Queens County*;
JOHN DOE; and JANE DOE,

               Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-2937 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

      Plaintiff Jillbert Sadigh alleges that she was involuntarily hospitalized on several different

occasions between 2022 and 2023.  She has sued numerous defendants alleging violations of due

process, false imprisonment, and a conspiracy to deprive her of rights.  Three groups of defendants,

representing three sets of hospitals and their respective employees, have appeared in the action and

moved to dismiss. For the reasons that follow, these defendants' motions are granted, plaintiff's claims against all remaining defendants are dismissed, and the case is closed.

## BACKGROUND

This action began with plaintiff filing two form complaints in April and May of 2023 that contained fantastical allegations and did not present a coherent factual narrative. *See* May 9, 2023 Order to Show Cause (Dkt. #7). The Court dismissed the complaints as frivolous with leave to file a further amended complaint within thirty days. *See* May 18, 2023 Order Dismissing Case. After an extension for good cause, *see* Sept. 26, 2023 Order Reopening Case, plaintiff filed the operative second amended complaint in October 2023, *see* Second Am. Compl. (Dkt. #14). The complaint names over two dozen defendants, which can be roughly sorted into five groups: (1) two public hospitals, Elmhurst Hospital Center and Queens Hospital Center, operated by New York City Health and Hospitals Corporation, and several employees; (2) Zucker Hillside Hospital and two employees; (3) Jamaica Hospital Medical Center and an employee; (4) two New York City Police Department ("NYPD") officers, Andrew Butler and Nicolas Dellavecchia, and one Fire Department of the City of New York ("FDNY") officer, Alexir Ramos; and (5) Supreme Court, Queens County Justice Kendra D. Briggs.[1]

The following facts are taken from plaintiff's operative complaint and are assumed true for the purpose of this order. On August 16, 2022, officers from the FDNY and NYPD handcuffed plaintiff in Queens and brought her to Elmhurst Hospital. Second Am. Compl. ¶ 6. She was involuntarily hospitalized at Elmhurst for about two weeks. *Id.* ¶ 7.

---

[1] The Court is doubtful that plaintiff has identified the proper state court judge as a defendant. The only judge the Court's research has identified with this name serves as an associate judge of the D.C. Superior Court since 2023. *See* District of Columbia Superior Court Judges, https://www.dccourts.gov/superior-court/judges#associate (last visited Mar. 7, 2025). Documents filed by plaintiff indicate that she attempted to serve a person named "Kenora D. Brigg." *See* Dkt. #40 at 1–3.

On September 13, 2022, plaintiff called the police from a BMW dealership in Great Neck, New York because she believed she "was being followed by people in vehicles for multiple hours." *Id.* ¶ 12.  The police arrived but did not help plaintiff.  *Ibid.*  Plaintiff walked to a flower shop next door and called the police again.  *Ibid.*  New officers arrived, who called Emergency Medical Services ("EMS") to the scene.  *Id.* ¶ 13.  EMS transported plaintiff against her wishes to Long Island Jewish Medical Center, from which she was transferred to Zucker Hillside Hospital.  *Id.* ¶ 14.  Plaintiff was involuntarily hospitalized at Zucker for about three weeks.  *Ibid.*  Plaintiff states that Justice Briggs gave Zucker permission on one occasion to forcibly medicate plaintiff.  *Id.* ¶ 24.

On October 17, 2022, NYPD officers pulled plaintiff over while she was driving in Queens. *Id.* ¶ 8.  Officers ordered her out of the car, handcuffed her, and took her to Jamaica Hospital against her will.  *Id.* ¶¶ 9–10.  She was involuntarily hospitalized at Jamaica for about two weeks. *Id.* ¶ 11.

On February 1, 2023, plaintiff was at her friend's house with her friend and her friend's son.  *Id.* ¶¶ 1–2.  FDNY officers arrived with EMS workers and transported plaintiff to Queens Hospital Center, where she was involuntarily hospitalized for about two weeks.  *Id.* ¶¶ 1, 4–5.  The FDNY report from this incident states that plaintiff's friend called 911 saying that plaintiff was present to kidnap her, which plaintiff asserts is a lie.  *Id.* ¶ 3.

Plaintiff brings five causes of action, apparently against all defendants: (1) deprivation of procedural and substantive due process brought under Section 1983; (2) a conspiracy to violate such rights under Section 1983; (3) false imprisonment; (4) civil conspiracy to commit false imprisonment; and (5) conspiracy to interfere with civil rights under Section 1985.  *See id.* ¶¶ 15– 32.

Three groups of defendants—the hospitals and their employees—have appeared in this action and now move to dismiss. *See* N.Y.C. Health & Hosps. Corp. Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #34-1) ("NYC Hosps. Mot.");[2] Jamaica Hosp. Med. Ctr. Mot. to Dismiss (Dkt. #35); Zucker Hillside Hosp. Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #38-1). Plaintiff filed a one-page opposition correcting a typographical error in her complaint and explaining that she needed discovery to further develop her claims, but otherwise providing no legal argument. *See* Pl.'s Opp'n (Dkt. #37). She also provided three pages of medical records from one of her hospital stays. *See* July 18, 2024 Ltr. (Dkt. #41); Dec. 16, 2024 Order (deeming motions fully briefed).

Separately, on February 18, 2025, the Court *sua sponte* ordered plaintiff to show cause why her claims against NYPD officers Butler and Dellavecchia and FDNY officer Ramos should not be dismissed for untimely and improper service, and why her claims against state Supreme Court Justice Briggs should not be dismissed on the grounds of judicial immunity. *See* Feb. 18, 2025 Order to Show Cause. None of these defendants had yet appeared in the action. After the plaintiff responded, *see* Pl.'s Resp. to Order to Show Cause (Dkt. #43), the Court dismissed plaintiff's claims against these three defendants, *see* Mar. 5, 2025 Order Dismissing Parties.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] The defendants associated with the New York City Health and Hospitals Corporation answered the complaint before moving to dismiss. *See* Answer (Dkt. #27); Answer (Dkt. #30). Accordingly, the Court construes the portion of these defendants' motion that moves to dismiss for failure to state a claim as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) ("[A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c)." (footnote omitted)). This distinction makes no substantive difference here, as motions for judgment on the pleadings under Rule 12(c) and motions to dismiss under Rule 12(b)(6) are evaluated under the same standard. *See Martinez v. City of New York*, 564 F. Supp. 3d 88, 97 (E.D.N.Y. 2021).

4

(2009).  The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999).  When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678.  The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678–79.

## DISCUSSION

The moving defendants' respective motions to dismiss for failure to state a claim are granted.[3]

---

[3] New York City Health and Hospitals Corporation also moves to dismiss on the grounds that the Court lacks subject-matter jurisdiction over the claims against it and its employees. *See* NYC Hosps. Mot. 5–8.  That motion is denied. Plaintiff's Section 1983 claims alleging constitutional violations present a federal question, triggering this Court's jurisdiction under 28 U.S.C. § 1331.  And the record simply does not include enough information about the supposed state court order authorizing plaintiff's involuntary medication at Zucker Hillside Hospital for the Court to determine that the action is barred by the *Rooker-Feldman* doctrine.  *See Marchant v. N.Y.C. Bd. of Elections*, 815 F. Supp. 2d 568, 576 n.11 (E.D.N.Y. 2011).

I. **Individual Hospital Employees**

Plaintiff's claims against the individual hospital employees are dismissed because plaintiff has failed to specifically allege any conduct attributable to any of them.[4]

"[I]n order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each defendant allegedly did." *Doe ex rel. Doe v. E. Irondequoit Cent. Sch. Dist.*, No. 16-CV-6594 (CJS), 2018 WL 2100605, at *9 (W.D.N.Y. May 7, 2018). "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotation marks and citation omitted). Further, "[w]hile Rule 8 does not prohibit collective allegations against multiple defendants, it does require that the allegations be sufficient to put each defendant on notice of what they allegedly did or did not do." *Howard v. Mun. Credit Union*, No. 05-CV-7488 (LAK), 2008 WL 782760, at *12 (S.D.N.Y. Mar. 25, 2008) (quotation marks, brackets, and citations omitted). "A laundry list of potentially actionable conduct, without 'specification of any particular activities by any particular defendant,' cannot withstand a motion to dismiss." *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 WL 696126, at *7 (S.D.N.Y. Feb. 15, 2017) (quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)), *report and recommendation adopted*, 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017); *see Atuahene v. City of Hartford*, 10 F.

---

[4] For clarity, these defendants are Asmaa Ibrahim Hassan, Carl Goodrich, Deep Lohia, Hein Latt, Jamuna Theventhiran, Tyrone Rodman, Dr. A Quyyum, Sharmeen Sultana, Syed Hassan, Shi Yun Li, Annafi Chowdhury, John P. Maloy, Daniel Kestelman, Gayathri Mahendiran, Vaschele Williams, Vimala Sim, Shamaila Idrees, Martha Edelman, and Renuka Ananthamoorthy. Though not all of these defendants have moved to dismiss, because the grounds for the Court's dismissal apply irrespective of the identity of the particular defendant, plaintiff's claims are dismissed against the nonmoving defendants as well. *See Malek v. N.Y. Unified Court Sys.*, No. 22-CV-5416 (HG) (RER), 2023 WL 2429528, at *20 (E.D.N.Y. Mar. 9, 2023) ("Because the Court's rulings in this Order would apply equally to the moving and nonmoving Defendants the Court dismisses the claims against the nonmoving Defendants *sua sponte*." (quotation marks, brackets, ellipses, and citation omitted)).

App'x 33, 34 (2d Cir. 2001) (affirming dismissal where complaint "lump[ed] all the defendants together in each claim and provid[ed] no factual basis to distinguish their conduct").

Though the individual defendants are named in the amended complaint's caption, plaintiff does not actually make any specific allegations regarding any of them. *See generally* Second Am. Compl. The only place where plaintiff's complaint conceivably refers to these defendants is in two paragraphs in plaintiff's claims for relief, which generically accuse "the various Doctor Defendants and John and Jane Doe Hospital employees" and the "hospital employees" of violating plaintiff's rights, without differentiating between the defendants or identifying any specific conduct they are accused of. *See id.* ¶¶ 16, 32. In her response, plaintiff explains that

> the individuals named in this lawsuit were identified based on the medical records I received. They are included in this suit because they were involved in the actions that led to my involuntary hospitalizations. I believe that after discovery is complete, the exact details of each defendant's involvement will become clear. However, I am certain that all the defendants named in this lawsuit collaborated and agreed to the actions described in the complaint, which resulted in significant harm to me.

Pl.'s Opp'n 1; *see Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (collecting cases that consider factual allegations made in a *pro se* plaintiff's opposition to a motion to dismiss).

These allegations fall far short of placing "each defendant on notice of what they allegedly did or did not do," *Howard*, 2008 WL 782760, at \*12, much less raising plaintiff's right to relief to the level of "plausibility." To the extent plaintiff's allegations reference the individual defendants at all, they impermissibly lump all defendants together by accusing them of unlawful conduct without specifying what, specifically, they are each alleged to have done. The possibility that discovery will uncover the precise nature of each defendant's involvement in plaintiff's claims is irrelevant because a plaintiff bears the burden to plead facts in her complaint that state a plausible

claim to relief prior to discovery. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Accordingly, plaintiff's claims against the individual hospital employees are dismissed.

## II.    Section 1983 Claims

### A.    New York City Health and Hospitals Corporation

Plaintiff's Section 1983 claims against the New York City Health and Hospitals Corporation, which operates Elmhurst Hospital Center and Queens Hospital Center, are dismissed because plaintiff has failed to allege the existence of an official policy or custom resulting in the violation of her constitutional rights.

"When a plaintiff sues a municipality, such as the City of New York, or other local government entity, such as NYC Health + Hospitals, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's or other local government entity's employees or agents engaged in some wrongdoing." *El Dey v. Bd. of Corr.*, No. 22-CV-2600 (LTS), 2022 WL 2237471, at *6 (S.D.N.Y. June 22, 2022) (footnote omitted). Instead, "[t]he plaintiff must show that the municipality or other local government entity itself caused the violation of the plaintiff's rights." *Ibid.* (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011) and *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011)). In other words, a plaintiff who seeks to hold the New York City Health and Hospitals Corporation liable under Section 1983 must allege (1) "an official policy or custom," that (2) "cause[d] the plaintiff to be subjected to," (3) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007); *see Rookard v. Health & Hosps. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (applying this standard to the Health and Hospitals Corporation). A plaintiff can allege a municipal policy or custom by pointing to

"decisions of a government's lawmakers, the acts of its policymaking officials, [or] practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61.

Plaintiff's complaint is devoid of any allegations about any municipal policy or custom that resulted in a violation of her constitutional rights. Accordingly, plaintiff's Section 1983 claims against the New York City Health and Hospitals Corporation are dismissed.

### B.    Zucker Hillside Hospital and Jamaica Hospital Medical Center

Plaintiff's Section 1983 claims against Zucker Hillside Hospital and Jamaica Hospital Medical Center are dismissed because plaintiff has failed to allege state action.

Under Section 1983, "constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). While private individuals are not state actors, such individuals can be liable under Section 1983 if they acted either "jointly" or "in conspiracy" with a state actor to deprive the plaintiff of a constitutional right. *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012); *see Betts*, 751 F.3d at 84 n.1.

To plead joint action under Section 1983, a plaintiff must "allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." *Betts*, 751 F.3d at 84 (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). "Put differently, a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'" *Ibid.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). To allege a Section 1983 conspiracy against a private party, a plaintiff "must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). Under

both theories of liability, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Id.* at 324–25; *see Rice v. City of New York*, 275 F. Supp. 3d 395, 403–06 (E.D.N.Y. 2017).

Plaintiff's complaint does not adequately allege that Zucker Hillside Hospital or Jamaica Medical Center are liable under any theory of state action. Plaintiff has not alleged that either hospital is itself a state actor. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 228–29 (2d Cir. 2014) (recognizing that Jamaica Hospital Medical Center is a private entity); *Goonewardena v. Zucker Hillside Hosp.*, No. 21-CV-4530 (AMD) (LB), 2021 WL 3848122, at *3 (E.D.N.Y. Aug. 27, 2021) (same, for Zucker Hillside Hospital and its parent company Northwell Health).

And though plaintiff makes allegations that could be construed as alleging joint action or the existence of a conspiracy between the two hospitals and various state actors, these allegations are entirely conclusory. Plaintiff alleges that Queens County Supreme Court Justice Kendra Briggs "aid[ed] and abet[ted] the Zucker Hillside Hospital in violating my due process rights" by "g[iving] the hospital permission to medicate [plaintiff] against [her] will having no basis to do so"; that "[t]here was a shared objective between the NYPD, EMS and the Hospitals, to forcibly restrain [her] and commit[] [her] to these hospitals"; and that "[t]he underlying tort of false imprisonment committed by the EMS and various Hospitals was aided and abetted by the various State actors and hospital employees whom without their participation none of the foregoing events could have occurred." Second Am. Compl. ¶¶ 20, 28, 32. These speculative and conclusory statements do not give rise to the inference of joint activity or conspiracy "above the speculative level." *Twombly*, 550 U.S. at 555; *see, e.g.*, *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020) (affirming dismissal of Section 1983 claim against private actors because plaintiffs' allegations of corrupt agreement were "uniformly conclusory, speculative, and implausible" and "rest[ed] on

rank speculation"). Without additional non-conclusory allegations, this case is controlled by *McGugan v. Aldana-Bernier*, where the Second Circuit found no state action to exist, under any theory, on plaintiff's allegations that a private hospital and its employees involuntarily hospitalized and medicated her, even when such treatment was authorized by the state and the plaintiff was transported to the hospital by state actors. *See* 752 F.3d at 229–31.

Plaintiff's Section 1983 claims against Zucker Hillside Hospital and Jamaica Medical Center are dismissed.

### III.    Section 1985 Claims

Plaintiff's Section 1985 claims against all defendants are dismissed because plaintiff has failed to allege defendants were motivated by class-based, discriminatory animus.

> To state a civil rights conspiracy under § 1985(3), a plaintiff must allege: 1) conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006) (citation omitted); *see* 42 U.S.C. § 1985(3). "The conspiracy must also be 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (quoting *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007)). Unlike Section 1983, Section 1985(3) does not contain a state action requirement. *See Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).

Plaintiff fails to allege that the defendants were motivated by class-based animus. She does not identify a class, of any kind, to which she belongs. Instead, she alleges only that the various defendants conspired to violate her due process rights by hospitalizing and medicating her against her will. *See* Second Am. Compl. ¶¶ 24, 26–28, 32. Section 1985(3) does not enshrine a "general

11

federal tort law" that applies "to all tortious, conspiratorial interferences with the right of others." *Griffin*, 403 U.S. at 101–02.  Instead, it reaches only conspiracies motivated by "class-based, invidiously discriminatory animus." *Id.* at 102.

## IV.    State-Law Claims

Because the Court dismissed all claims against the non-appearing defendants and all of the federal claims against the appearing ones, only state-law claims remain in this action.  The Court declines to exercise supplemental jurisdiction over plaintiff's remaining state claims.  Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018).  Generally, where "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *see Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013); *Klein & Co. Futures, Inc. v. Bd. of Trade*, 464 F.3d 255, 262 (2d Cir. 2006).

Plaintiff has not provided a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed.  Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state-law claims.

## V.    Leave to Amend

Plaintiff is denied further leave to amend her complaint.  "[I]t is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Leave shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  But leave is properly denied in cases of "undue delay, bad faith or dilatory motive on

12

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Further leave to amend is denied as futile. Plaintiff has a history of filing frivolous complaints in this district, *see, e.g.*, *Sadigh v. Putin*, No. 23-CV-3247 (RPK) (RML); *Sadigh v. Dodon*, No. 23-CV-3615 (RPK) (RML); *Sadigh v. United States*, No. 23-CV-384 (RPK) (RML); *Sadigh v. 102 Precinct*, No. 25-CV-218 (RPK) (RML), and plaintiff's amended complaint in this case failed to correct the pleading deficiencies in her original (frivolous) complaints.

## CONCLUSION

For the foregoing reasons, the moving defendants' respective motions to dismiss are granted and plaintiff's claims against all remaining defendants are dismissed. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

 */s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: March 7, 2025
Brooklyn, New York